[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife brings this dissolution complaint.
Both parties are present at this hearing. Both parties CT Page 2509 are represented by counsel.
The court after hearing testimony and taking into consideration the various statutory criteria, finds as follows:
That the allegations of the complaint are proven. The court notes that these parties were married previously and divorced and then remarried on November 7, 1977, and that of the two minor children issue of these parties, the older one, Joshua, was born during the prior marriage and that the younger one was born after the remarriage of the parties. Joshua David Clifford was born on February 17, 1974 and Melissa Nichole Clifford was born on September 7, 1981.
The court also finds that although each of the parties have contributed somewhat to the breakdown of the marriage the husband was the one with the greater fault.
Custody of the minor children is to be with the plaintiff mother with liberal and reasonable visitations to the defendant father. No specific visitational times are ordered with the son Joshua. They can work out their visitational arrangements between them. As to Melissa, the defendant father is to have visitations on Saturdays and one evening a week. However, these visitations are to be worked out around Melissa's schedule of activities and should not go beyond 8:00 p.m. Also, the defendant father is authorized to receive any school records of the children as well as to be informed of any scheduled events in which either or both participate. The defendant is to pay to the plaintiff support for the minor children in accordance with the statutory guidelines in the sum of $123.00 per week for Melissa and $140.00 per week for Joshua totaling $263.00 per week until each reaches their majority.
The defendant is to pay to the plaintiff alimony in the sum of $100.00 per week for a period of three years.
The defendant is to provide medical insurance coverage through his place of employment for the minor children. Each of the parties is to be responsible for one-half of all unreimbursed medical expenses for the minor children. Further, the defendant is to provide to his wife medical insurance coverage as available through his place of employment. He is to pay the premium for that medical insurance for the first six months after which the plaintiff wife is to reimburse him for those premiums. Failure of the wife to reimburse the defendant for failure on her part to pay the premiums directly will be a basis for the discontinuance of the coverage. The defendant is to inform the plaintiff of the premium amounts and when the payments are due. CT Page 2510
As to the parties jointly owned real estate known as 70 Old Farms Place, Kensington, the defendant is to convey all of his interest in that property to the plaintiff subject to the plaintiff executing to the defendant a promissory note in the sum of $80,000.00 without interest for three years and with interest after that at 5 per cent. The note is to be secured by a mortgage on the premises. The promissory note is to become due and payable upon the occurrence of any one of the following: The remarriage of the plaintiff, the cohabitation with an unrelated male, upon her death, upon the sale of the premises, when she ceases using the premises as her principal residence, or upon Melissa's eighteenth birthday.
All those personal property items presently in the possession of each of the parties is to be that party's property with the exception of the husband's tools of his trade, workshelves and other odds and ends of his presently in the parties home. All those liabilities listed on the parties individual financial affidavits are to be that party's responsibility.
The defendant husband is to have Joshua as an exemption for IRS purposes and the plaintiff wife is to have Melissa as an exemption for IRS purposes.
Judgment is to enter in accordance with the above orders.
The plaintiff's counsel is to prepare the judgment file in accordance with the above orders.
JULIUS J. KREMSKI STATE TRIAL REFEREE